IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VANDY STOVALL                                                                                          PLAINTIFF

v.                                   Civil No. 6:25-cv-06001-MEF

ROBERT B. DIXON                                                                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge; however, because not all parties to the action have consented to the jurisdiction of the undersigned, and Plaintiff's case requires dismissal, the undersigned enters his findings as a Report and Recommendation and the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure; and General Order 2024-02. Currently before the Court is Plaintiff's failure to obey Court Orders and failure to prosecute this case.

I. BACKGROUND

Plaintiff filed his case on January 3, 2025. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* ("IFP") application or pay the case filing fee by January 24, 2025. (ECF No. 3). The Order advised Plaintiff that failure to submit his completed IFP application by the deadline would result in the summary dismissal of his case. (*Id*.). When Plaintiff failed to submit his completed IFP application by the deadline, the Court entered a Show Cause Order directing Plaintiff to submit his Response by February 18, 2025. (ECF No. 6). Neither Order was returned as undeliverable. To date, Plaintiff has failed to submit his completed IFP application, his Show Cause Response, or his case filing fee.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to comply with two Court Orders. He has failed to either submit his IFP application or pay the filing fee. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

<u>Referral Status</u>: This case should remain not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of February 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE